# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

FRANK J. KUHN, JR.,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC and
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

Civil Action No. 3:08-cv-00348

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. ("Experian"), by counsel, for its Answer to the Complaint filed by Plaintiff, Frank J. Kuhn, Jr., states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff purports to bring claims against Experian pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. This is a legal conclusion that is not subject to denial or admission. Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

### JURISDICTION

2. Plaintiff has alleged jurisdiction based on the FCRA, 15 U.S.C. § 1681(p), and that venue is proper. These are legal conclusions that are not subject to denial or admission. Experian admits that it is authorized to do business in the Commonwealth of Virginia and that it maintains a registered agent in that state. Experian lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, on that basis, denies them.

## PARTIES

3. Upon information and belief, Experian admits that Plaintiff is a natural person residing in the Commonwealth of Virginia. The remaining allegation in paragraph 3 of the Complaint asserts a legal conclusion that is not subject to denial or admission.

4. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies them.

5. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies them.

6. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies them.

7. Experian admits that it is a corporation authorized to do business in the Commonwealth of Virginia and has a registered agent in the Commonwealth of Virginia. Experian denies the remaining allegations in paragraph 7 of the Complaint.

8. Experian admits the allegation in the first sentence of paragraph 8 of the Complaint. Experian further admits that it is in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing credit reports as defined in 15 U.S.C. § 1681(d). Except as specifically admitted, Experian lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and, on that basis, denies them.

9. Experian admits that it disburses consumer reports to third parties. Experian denies the remaining allegations in paragraph 9 of the Complaint.

**FACTS**

10. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, on that basis, denies them.

11. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies them.

12. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies them.

13. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies them.

14. Experian denies the allegations in paragraph 14 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

15. Experian lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16. Experian denies the allegations in paragraph 16 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

17. Experian denies the allegations in paragraph 17 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

## COUNT ONE
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)

18. Experian incorporates its responses to paragraphs 1 through 17 of the Complaint as if fully set out herein.

19. Experian denies the allegations in paragraph 19 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

20. Experian denies the allegations in paragraph 20 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

21. Experian denies the allegations in paragraph 21 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

22. Experian denies the allegations in paragraph 22 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

## COUNT TWO
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(1)

23. Experian incorporates its responses to paragraphs 1 through 22 of the Complaint as if fully set out herein.

24. Experian denies the allegations in paragraph 24 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

25. Experian denies the allegations in paragraph 25 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

26. Experian denies the allegations in paragraph 26 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

27. Experian denies the allegations in paragraph 27 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

**COUNT THREE**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(2)**

28. Experian incorporates its responses to paragraphs 1 through 27 of the Complaint as if fully set out herein.

29. Experian denies the allegations in paragraph 29 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

30. Experian denies the allegations in paragraph 30 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

31. Experian denies the allegations in paragraph 31 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

32. Experian denies the allegations in paragraph 32 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

**COUNT FOUR**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(4)**

33. Experian incorporates its responses to paragraphs 1 through 32 of the Complaint as if fully set out herein.

34. Experian denies the allegations in paragraph 34 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

35. Experian denies the allegations in paragraph 35 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

36. Experian denies the allegations in paragraph 36 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

37. Experian denies the allegations in paragraph 37 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

**COUNT FIVE**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(5)(A)**

38. Experian incorporates its responses to paragraphs 1 through 37 of the Complaint as if fully set out herein.

39. Experian denies the allegations in paragraph 39 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

40. Experian denies the allegations in paragraph 40 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

41. Experian denies the allegations in paragraph 41 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

42. Experian denies the allegations in paragraph 42 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

**COUNT SIX**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(5)(C)**

43. Experian incorporates its responses to paragraphs 1 through 42 of the Complaint as if fully set out herein.

44. Experian denies the allegations in paragraph 44 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

45. Experian denies the allegations in paragraph 45 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

46. Experian denies the allegations in paragraph 46 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

47. Experian denies the allegations in paragraph 47 of the Complaint as they pertain to Experian. Experian lacks sufficient information to form a belief as to the truth of the allegations against the other defendant in this case and, on that basis, denies them.

48. In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

49. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

### SECOND AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

Plaintiff's recovery is barred or limited, in whole or in part, under the principles of set-off and recoupment for damages or settlement amounts received from others.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state claims upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief whatsoever from Experian.

## FOURTH AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Experian is not liable to the extent that any information communicated to any third person regarding Plaintiff was true.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Experian is not liable to Plaintiff for damages that were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

If Plaintiff sustained damages, which is specifically denied, then Experian is not liable to the extent that Plaintiff's damages were caused in whole or in part by others for whose conduct Experian is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims against Experian fail to the extent they are barred by the applicable statute of limitations, including but not limited to, 15 U.S.C. § 1681p.

## EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Experian is not liable to Plaintiff for punitive damages in any amount. Plaintiff cannot state sufficient facts to support a claim for punitive damages against Experian.

## NINTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

Plaintiff's claims against Experian fail to the extent they are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## TENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, Defendant Experian Information Solutions, Inc. prays:

(1) That Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By: _____/s/_____
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2008, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

> Leonard A. Bennett
> Consumer Litigation Assoc. PC
> 12515 Warwick Blvd., Suite 100
> Newport News, VA 23606
> Tel: 757-930-3660
> Fax: 757-930-3662
> Email: lenbennett@cox.net
> *Counsel for Plaintiff, Frank J. Kuhn, Jr.*
>
> John W. Montgomery, Jr.
> Montgomery & Simpson, LLLP
> 2116 Dabney Rd., Suite A-1
> Richmond, VA 23230
> Tel: 804-355-8744
> Email: jmontgomery@jwm-law.com
> *Counsel for Defendant, Equifax Information Services, LLC*

/s/
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone No.: (804) 697-5410
Facsimile No.:  (804) 698-5118
Email:  david.anthony@troutmansanders.com

*#1745196*